FÉLIX MAURO GINORIO, Appellant, v. REGISTRAR OF PROPERTY OF UTUADO, Appellee.

No. 976. Submitted June 22, 1936.—Decided July 16, 1936.

*José R. Aponte* for appellant. The registrar appeared by brief.

MR. JUSTICE WOLF delivered the opinion of the Court.

The appellant initiated a summary mortgage foreclosure proceeding against the heirs of both Osvaldo Alfonzo Bauzá and his wife, Inés María Soler. The petition in the foreclosure proceeding specifically named the heirs. The property

was sold and adjudicated to the present appellant. When the deed of sale was presented to the registrar of property he recorded it with the following curable defect:

"Record made of the present document, which is a copy of deed No. 13, executed in Arecibo, on the 8th of April, 1936, before notary Aníbal E. Boneta Colón, at folios 238 over and 247 of volume 132 of Utuado, properties Nos. 5997 and 6000, records fourth and third, with the curable defect of not appearing therein, nor verified by any certificate concerning a declaration of heirs that, Osvaldo, Gabriel, José, Alfonso, Luis, Margarita, Inés María and Celeste Alfonzo Soler, are the sole and universal heirs of the deceased Osvaldo Alfonzo Bauzá and Inés María Soler. Said properties are each subject to a mortgage in favor of the holder of a promissory note for the sum of one thousand dollars, according to Law No. 22 of 1923, and also according to a ruling of the Supreme Court of Puerto Rico, 44 P.R.R. 438."

██ It is perfectly clear that no formal declaration of heirship was obtained previous to the institution of the mortgage proceeding, nor was any attempt made therein to show such heirship.

Now the appellant apparently has the theory that the mere averment of heirship in the complaint is sufficient, or else perhaps we do not clearly understand his position. Of course the averment in a petition or a complaint is not proof thereof unless admitted. The appellant cites several cases to the effect that the declaration of heirship is unnecessary when the fact can be proved and is proved at a trial.

Long ago in *Morales* v. *Landráu,* 15 P.R.R. 761, we supported the proof of heirship at a trial and considered it unnecessary to present a formal declaration of heirship but we said:

"The plaintiffs, having based their action among other facts on their capacity of heirs of Angel Oquendo, without such fact having been admitted by the defendants, they had the right to establish such capacity in this action without the necessity of having recourse therefor to the act relating to special proceedings, although such proof can only be valid and efficient with relation to the defendants

in the specific case under consideration, because for general purposes, or when it is sought to obtain a declaration of heirs, which has not been applied for in this action, the provisions of chapter three, of title one, of the act relating to special proceedings, which establish the mode and form of obtaining such declaration, would have to be observed.''

Fundamentally the idea always is that heirship must be proved and this is impossible, we think, in an ex parte mortgage foreclosure proceeding. The case of *Fortis* v. *Fortis*, 25 P.R.R. 64, cited by the appellant follows *Morales* v. *Landrau, supra.*

It is evident that in an adverse proceeding the defendants or perhaps even the plaintiffs, as the case may be, may have an interest in opposing or not opposing the averments of certain persons alleging themselves to be heirs of a certain supposed predecessor. A trial on an issue of heirship of this kind would be one of the best ways of determining such a fact.

Even a determination there would only bind the parties to the case. Other alleged heirs might still combat it.

*Zayas* v. *Registrar,* 36 P.R.R. 705, and *Schlüter* v. *Registrar,* 37 P.R.R. 654, tend to support the considerations of this opinion. In the latter case we said:

''We notice that in his brief dated November 17, 1927, the registrar refers to the second ground of his decision as a curable defect, which seems a better reason than what appeared from the decision, that is, that the failure to show that the defendant minors were the lawful heirs of Fermín Micheo was a cause for refusal to record. There is no doubt that this point should have been sufficiently proved, but was not proved. Their status as the lawful heirs of Fermín Micheo should appear from the complaint, particularly in the case of a complaint or original writing in a mortgage foreclosure proceeding where there is no opportunity for the introduction of evidence when that fact could be shown.''

This means, not a mere averment of the status, but an exposition of the ultimate facts tending to prove such status.

We are aware of the decision of the *Federal Land Bank* v. *Registrar,* 49 P.R.R. 143. This Court there decided that a previous record in the same of the heirs of a mortgage debtor was not necessary to record the deed of sale from the marshal to the mortgage creditor at the foreclosure sale. It did not decide that no identification of the heirs was necessary.

The note of the registrar should be affirmed.

Mr. Justice Córdova Dávila took no part in the decision of this case.